IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 9, 2020 Session

## STATE OF TENNESSEE v. CRAIG DAGNAN

### Appeal from the Circuit Court for Marion County
No. 9885v5   Justin C. Angel, Judge

_____

### No. M2020-00152-CCA-R3-CD

_____

Craig Dagnan, Defendant, violated the conditions of probation, and the trial court revoked his probation but ordered his probation reinstated after eleven months and twenty-nine days' incarceration. Defendant was granted a furlough from jail to attend an inpatient drug and alcohol program. After being dismissed from the inpatient program, Defendant failed to report back to jail and absconded. He was charged with escape, and a revocation warrant was issued. He was apprehended in Georgia and returned to Tennessee. Following a hearing, the trial court revoked Defendant's probation and ordered Defendant to serve the balance of his six-year sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. TIMOTHY L. EASTER, J., filed a separate concurring opinion.

Brennan M. Wingerter (on appeal), Assistant Public Defender – Appellate Division; Jeff Harmon, District Public Defender; and Norman Lipton (at hearing), Assistant District Public Defender, for the appellant, Craig Dagnan.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Mike Taylor, District Attorney General; and Sherry Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural Hearing

On January 23, 2015, Defendant entered a plea of guilty to theft of property over $1,000 but less than $10,000 and was sentenced to six years as a Range II offender. At

the time of his plea, Defendant had been incarcerated for 171 days. The trial court suspended the balance of his six-year sentence and placed Defendant on supervised probation. The court ordered payment of $1,250 in restitution at a minimum of $50 per month, 100 hours of community service work, and no contact with the victim.

On May 21, 2015, the trial court issued a summons based on a petition to revoke probation alleging that Defendant failed to pay restitution despite having the ability to pay. Defendant failed to appear for the revocation hearing and was subsequently arrested on a bench warrant. The court revoked Defendant's probation but ordered his probation reinstated after ninety days' confinement.

On November 4, 2015, the trial court issued a summons based on a petition to revoke alleging that Defendant failed a drug screen in October by testing positive for methamphetamine and that Defendant again failed to comply with the restitution order. On December 14, 2015, an amended violation of probation warrant was issued based on Defendant's failure to report as directed. On January 26, 2016, the court found that Defendant violated the conditions of probation and sentenced Defendant to serve eight months in jail followed by release on probation to be monitored by community corrections for the balance of his sentence.

On May 9, 2018, the trial court issued a warrant based on a petition to revoke stating that Defendant had been out past curfew, had traveled out of state without permission, had been charged for driving with a suspended license in Dade County, Georgia, and had failed to report the new charge. After Defendant was released on bail, he failed to appear at the revocation hearing. A capias was issued, and after Defendant was apprehended, the trial court revoked his probation and ordered Defendant to serve 120 days in jail to be followed by reinstatement to probation, with additional conditions requiring Defendant to attend an anger management course and prohibiting Defendant from driving without a valid license.

On November 9, 2018, the trial court issued a revocation warrant based on a petition to revoke stating that Defendant tested positive for methamphetamine and other drugs, was found not to be at home and out past curfew, failed to attend anger management classes, and changed his place of residence without reporting the move to his case officer. After a hearing held on January 22, 2019, the trial court revoked his probation and ordered Defendant to be confined for eleven months and twenty-nine days. However, the court stated that it would consider a furlough to long-term inpatient alcohol and drug treatment.

On February 27, 2019, the trial court entered an "Order for Furlough Option" which released Defendant from jail to the Freedom House Ministry in Lebanon. The

order required Defendant to report back to the Marion County Jail if he left Freedom House Ministry "for any reason prior to successful completion of the program."

On June 4, 2019, the trial court issued a revocation warrant based on a petition stating that Defendant had been charged in Dade County, Georgia, with misdemeanor failure to appear; had failed to pay supervision fees, court costs and/or fines; had failed to notify case officer of arrest; had absconded after leaving Freedom House Ministry on April 30, 2019; and had failed to complete alcohol and drug treatment.

Defendant was finally apprehended in Georgia and returned to the Marion County Jail on June 22, 2019.

### Revocation Hearing

On December 16, 2019, a revocation hearing was held.

Courtney Shelton, Defendant's community corrections officer, testified that she received an email stating that Defendant had been arrested in Dade County, Georgia. She thought Defendant was still at Freedom House Ministry. She contacted the director at Freedom House Ministry and was told that Defendant had been discharged.

Brittany Ables testified that she was employed by the Marion County Sheriff's Department in April 2019. She received a telephone call from Freedom House Ministry informing her that Defendant was being discharged from their program. She spoke with Defendant and advised him that he had six hours to turn himself into the jail. She told him to stay at Freedom House Ministry and that a deputy would pick him up. Defendant left before Deputy Justin Graham got to Lebanon.

Jason Lee Skinner, the director of operations for Mountain Movers Addiction Recovery, testified that Defendant should not have been put out of the program at Freedom House Ministry because the director did not "have permission to put anybody out of the program." Mr. Skinner stated that his program would accept Defendant.

At the conclusion of the revocation hearing, the trial court explained that

in a case like this where the State has alleged that you violated your probation, it's a two-step process. The first step is to see whether or not they can prove that you violated your probation by a preponderance of the evidence. If they can prove that the next step is how to punish you or sentence you for that violation.

The trial court found that Defendant violated the terms of his probation by failing to report to jail following his discharge from Freedom House Ministry and absconding. The court then noted:

> The facts and circumstances surrounding the offense and the nature and circumstances of the criminal conduct involved. Again, the main thing here [] is the charge of escape, because you did not report back to the jail the way you were supposed to report back. You received six years on this theft charge, you know, and you just keep getting second chances, third chances, fourth, fifth, and just keep violating. So[,] the previous actions and character of the defendant, that goes against you, sir. I really only have one option at this point just based upon the criminal history and all the chances that you've been given. At this point I really have no choice but to deny any possibility of probation and just revoke you to serve your sentence in full in the Tennessee Department of Corrections.

This appeal follows.

## Analysis

On appeal, Defendant claims that the trial court abused its discretion by ordering Defendant to serve the balance of his six-year sentence. The State argues that the trial court acted properly. We agree with the State.

A trial court's revocation of a probation is subject to an abuse of discretion standard of review. *State v. Harkins*, 811 S.W.2d 79, 80 (Tenn. 1991). Upon a finding by a preponderance of the evidence that a defendant has violated a condition of probation, a trial court may revoke probation and order the imposition of the original sentence. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing Tenn. Code Ann. §§ 40-35-310(a), -311(e)(1) (2019)).

After being furloughed to a drug treatment program, Defendant absconded and fled to Georgia  He was charged with escape. There was overwhelming evidence to support the trial court's decision to fully revoke probation. The trial court had on numerous occasions partially revoked Defendant's probation and allowed Defendant to be reinstated after service of less than the entire sentence. The trial court acted properly by ordering Defendant to serve the balance of his six-year sentence in incarceration. The trial court did not abuse its discretion.

## Conclusion

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE